UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AUSTIN BATES,

    Plaintiff,

v.   Case No.  4:22-cv-32-MW/MJF

LEON COUNTY SHERIFF and
DIRECTOR,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's emergency motion—which spans less than one full page—for a temporary restraining order ("TRO"). Doc. 3. Because Plaintiff has failed to satisfy the prerequisites for a TRO, the District Court should deny Plaintiff's emergency motion without prejudice.[1]

## I. BACKGROUND

Plaintiff commenced this action against the Sheriff of Leon County and the Director of the Leon County Jail (the "Jail").[2] On December 28, 2021, an unnamed

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

[2] This is Plaintiff's second lawsuit related to the Jail's policy regarding publications. *See Bates v. Collins*, 4:20-cv-446-AW-MAF, ECF No. 1 (N.D. Fla. Sept. 11, 2020).

Jail employee purportedly made an announcement that the Jail was changing its policy on publications. Allegedly the Jail's new publication policy would prohibit inmates from receiving any publications starting on January 31, 2022.[3] Doc. 1 at 5. Further, purportedly under the new policy, staff would collect and dispose of any publications that were already possessed by inmates. *Id.* As such, Plaintiff alleges that Defendants' implementation of this new policy violates his First Amendment rights.

## II. DISCUSSION

Under Rule 65 of the Federal Rules of Civil Procedure, a district court may issue a TRO without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

---

In the first case, Plaintiff challenged the Jail's publication policy after Jail staff did not approve a book that Plaintiff requested. This policy can be found in the Jail's Inmate Handbook that is published on the Jail's website. Under Federal Rule of Evidence 201(b), a court may "take judicial notice of facts that are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999).

[3] The Inmate Handbook, which is published on the Jail's website, does not include this new alleged policy.

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

A TRO is an extraordinary remedy. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *Bloedorn v. Grubs*, 631 F.3d 1218, 1229 (11th Cir. 2011). TROs are granted only in exceptional cases. *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983). The chief function of a TRO is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated. *See Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (discussing preliminary injunctions); *Granny Goose Foods Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (discussing TROs); *All Care Nursing Serv. v. Bethesda Mem'l Hosp.*, 887 F.2d 1535, 1537 (11th Cir. 1989).

To establish entitlement to a TRO, a movant must demonstrate:

(1) a substantial likelihood of success on the merits of the underlying claim;

(2) a substantial likelihood of suffering irreparable injury if the TRO is not granted;

(3) that the threatened injury to the plaintiff outweighs any injury the nonmovant might suffer from the TRO; and

(4) the TRO would not disserve the public interest.

*Winter*, 555 U.S. at 20; *Vital Pharm., Inc. v. Alfieri*, 23 F.4th 1282, 1290-91 (11th Cir. 2022); *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (discussing the requirements for issuing a TRO). The third and fourth elements merge when, as here, the party opposing the preliminary injunction is the government. *See Swain v. Junior*, 958 F.3d 1081, 1091 (11th Cir. 2020) (per curiam) (explaining that "where the government is the party opposing the preliminary injunction, its interest and harm merge with the public interest"). Failure to establish even one of the first two factors is fatal to a motion for a TRO. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam); *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *All Care Nursing Serv.*, 887 F.2d at 1537.

### A.  Plaintiff Failed to Comply with Rule 65(b)(1)

Plaintiff did not comply with Rule 65 of the Federal Rules of Civil Procedure insofar as he did not indicate what efforts he made to give notice of his motion or reasons why notice of his motion should not be required. Despite Plaintiff's *pro se* status, this alone requires denial of the motion. *Ragan v. Blakely*, No. CV621-42, 2022 WL 635425, at *3 (S.D. Ga. Feb. 10, 2022) ("Courts have found that *pro se* parties are not excused from [Rule 65's notice] requirement."); *VanDeCruze v. Nationstar Mortg. LLC*, No. 8:18-CV-1027-T-36MAP, 2018 WL 3391349, at *2

(M.D. Fla. May 1, 2018); *see Moon v. Newsome*, 863 F.3d 835, 837 (11th Cir. 1989). Plaintiff's emergency motion should be denied for this reason alone.

**B.     Plaintiff Has Not Established the Prerequisites for a TRO**

Plaintiff's emergency motion for a TRO fails to address (1) whether there is a substantial likelihood of success on the merits, (2) whether the threatened injury to the plaintiff outweighs any injury the nonmovant might suffer from the TRO and (3) whether the TRO would disserve the public interest. Doc. 3. Indeed, Plaintiff's emergency motion—which spans less than one full page—is utterly devoid of an analysis of these factors. For this reason, also, the District Court should deny Plaintiff's emergency motion.

### III. CONCLUSION

Because Plaintiff failed to establish essential prerequisites for a temporary restraining order, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** without prejudice Plaintiff's emergency motion for a temporary restraining order.

At Pensacola, Florida, this 28th day of April, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**