UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AUSTIN BATES,

    Plaintiff,

v.                                                                  Case No. 4:22-cv-32-MW/MJF

LEON COUNTY SHERIFF and
DIRECTOR,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's "emergency motion for temporary injunction." Doc. 14, Doc. 25. Defendant filed a response. Doc. 29. Because Plaintiff is no longer confined at the Leon County Jail and he is no longer subject to the purportedly unconstitutional conditions, the undersigned respectfully recommends that the District Court deny Plaintiff's motion.

### I. BACKGROUND

Plaintiff commenced this action while he was a pre-trial detainee in custody of the Leon County Jail ("the Jail"). Doc. 1. On December 28, 2021, Plaintiff received a notification from Jail personnel that read:

> The Leon County Detention Facility will no longer accept books into the facility for inmates. A 30-day notice is being provided to allow for

> books that may be delayed due to the delays from shipping. Any books received after the January 31, 2022, will be returned to sender.
>
> Books are available to inmates in the form of an e-Book (electronic book) on their assigned Securus Tablet. There are over fifty thousand (50,000) e-books available, free of charge.
>
> Upon the publishing of these rules, inmates will be given thirty (30) calendar days to dispose of or ship at their expense to outside parties, any books they currently have in their possession. On or after the 31st day, any books in the possession of the inmates will be considered contraband and disposed of by the facility.

Doc. 14 at 5. Plaintiff alleges that this new policy violates the First Amendment. He seeks a temporary restraining order to prevent the enforcement of this policy. *Id.* Plaintiff, however, is now in the custody of the Florida Department of Corrections. Docs. 17, 20. He is currently incarcerated at Walton Correctional Institution. Doc. 20.

## II. DISCUSSION

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). A temporary restraining order may be issued, "the movant [must] clearly establish the burden of persuasion as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). That is, a movant must demonstrate:

(1) a substantial likelihood of success on the merits of the underlying claim;

(2) a substantial likelihood of suffering irreparable injury if the TRO/injunction is not granted;

(3) that the threatened injury to the plaintiff outweighs any injury the nonmovant might suffer from the injunction; and

(4) the injunction would not disserve the public interest.

*Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *In re Gateway Radiology Consultants, P.A.*, 983 F.3d 1239, 1254 (11th Cir. 2020). A temporary restraining order or "preliminary injunction in advance of trial is an extraordinary remedy." *Bloedorn v. Grubs*, 631 F.3d 1218, 1229 (11th Cir. 2011). Therefore a plaintiff must clearly carry the burden as to each of the four prerequisites noted above. *Siegel*, 234 F.3d at 1176 (citing *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 339 (5th Cir. 1981)).

Here, Plaintiff was convicted in a Florida court and is serving multiple life sentences.[1] Thus, Plaintiff is in the custody of the Florida Department of Corrections, which is incarcerating Plaintiff at the Walton Correctional Institution. Doc. 20. Simply put, he is no longer confined at the Leon County Jail and no longer is in the custody of the Jail. Docs. 17, 20.

---

[1] In Plaintiff's state criminal case, the jury found Plaintiff guilty of all 54 counts. *Florida v. Bates*, No. 2018 CF 3209 A, Judgement and Sentence, (Fla. 2d Dist. Cir. Ct. Oct. 5, 2022). On Counts 1 and 2, the court sentenced Plaintiff to imprisonment for life. *Id.* On Count 3, the court sentenced Plaintiff to "life in department of corrections" to run "consecutive to counts 1-2." *Id.*

"A prisoner's request for injunctive relief relating to the conditions of his confinement becomes moot when he is transferred." *Davila v. Marshall*, 649 F. App'x 977, 979–80 (11th Cir. 2016); *see Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988); *McKinnon v. Talladega Cnty.*, 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief."); *Wahl v. McIver*, 773 F.3d 1169, 1173–74 (11th Cir. 1985). Because Plaintiff is no longer in the custody of the Jail, the Jail's policy no longer applies to Plaintiff.

Plaintiff asserts that at "the appropriate stage of his appeal" he may be transferred back to the Jail.[2] A speculative claim that a prisoner may be transferred to a facility, however, does not establish a case or controversy. *Owens v. Centurion Med.*, 778 F. App'x 754, 759 (11th Cir. 2019). Because Plaintiff has not shown that it is likely that the Florida Department of Corrections will transfer him back to the Leon County Jail, the District Court should deny Plaintiff's motion because it is moot.

---

[2] Additionally, Plaintiff failed to provide evidence that he would be denied access to all books. According to the policy announcement provided by Plaintiff, inmates have access to books "in the form of an e-book on [the inmate's] assigned Securus tablet." Doc. 14 at 5. Additionally, "over fifty thousand (50,000) e-books [are] available, free of charge." *Id.* Thus, Plaintiff's claim that this is a complete ban on books is false. Further, his claim that he will be denied certain books is speculative as it is unclear whether these books would be available to him through his assigned Securus tablet.

### III. CONCLUSION

Because Plaintiff's motion is moot, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** without prejudice Plaintiff's "Emergency Motion for Temporary Injunction."

At Pensacola, Florida, this 17th day of January, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**